

**ORDERED in the Southern District of Florida on February 24, 2010.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

In re:                                                    CASE NO.:09-26876-EPK
WILLIAM S. GOVERO, II and                                 CHAPTER 7
KIMBERLEY A. GOVERO,

     Debtors.
_____/

WILLIAM S. GOVERO, II and                                 ADV. NO.: 09-02108-EPK
KIMBERLEY A. GOVERO,

     Plaintiffs,
v.

MICHAEL J. AXELROD, D.D.S. AND
MICHAEL S. SILVER, D.D.S., P.A.,
and I.C. SYSTEMS, INC.,

     Defendants.
_____/

### ORDER (I) GRANTING IN PART *DEBTORS/PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW* [DE 10] AND (II) SETTING EVIDENTIARY HEARING

This matter came before the Court for hearing on February 9, 2010 on the

*Debtors/Plaintiffs' Motion for Summary Judgment and Incorporated Memorandum of Law* [DE

10] (the "Motion") filed by William S. Govero ("William")[1] and Kimberley A. Govero

("Kimberley" and, with William, the "Debtors").  The Court considered the Motion, the

*Declaration of Kimberley A. Govero* filed in support of the Motion, the *Defendant's*

*Memorandum in Opposition to Plaintiff's Motion for Summary Judgment* [DE 18] (the

"Response") filed by I.C. System, Inc. ("ICS"), and the *Affidavit in Support of Defendant's*

*Opposition to Plaintiff's Motion for Summary Judgment and Memorandum of Law* [DE19] filed

in support of the Response, as well as the presentations of counsel at the hearing.  For the reasons

stated below, the Court determines that ICS willfully violated the automatic stay under 11 U.S.C.

§ 362(a) and may be held liable for compensatory and punitive damages under 11 U.S.C. §

362(k).  The Court will set an evidentiary hearing to determine the amount of damages to be

awarded to Kimberley.

**Background**

The Debtors commenced this action by filing a *Complaint Seeking Contempt Remedies*

*for Violation of the Automatic Stay* [DE 1] (the "Complaint").[2]  In the Complaint, the Debtors

request (a) an order holding ICS in contempt of court for willful violation of the automatic stay

imposed under 11 U.S.C. § 362(a), (b) judgment awarding compensatory and punitive damages,

plus attorneys' fees and costs, pursuant to 11 U.S.C. § 362(k), (c) an order declaring that ICS

violated the Debtors' rights under Florida Statutes section 559.72 (relating to fair debt collection

practices), and (d) judgment awarding the Debtors actual damages and statutory damages in the

amount of $1,000.00, plus attorneys' fees and costs, pursuant to Florida Statutes section 559.77.

---

[1] The Court uses the debtors' given names only to make portions of this decision easier to read.
[2] Both Debtors are named as plaintiffs in the Complaint.  However, the Complaint includes no allegations with regard to violation of the automatic stay or Florida statutes as they relate to William.

In the Motion, the Debtors request summary judgment on all relief addressed in the Complaint other than the determination of damages.  At the hearing on the Motion, the Debtors withdrew their requests for relief under sections 559.72 and 559.77 of the Florida Statutes. Consequently, the Debtors seek relief only under 11 U.S.C. §§ 362(a) and 362(k).

**Jurisdiction and Determination of Core Matter**

The Court has jurisdiction over the Motion under 28 U.S.C. § 1334(b). The Court has the power to enter this Order pursuant to 28 U.S.C. § 157 and the standing order of reference in this District. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O), and because the relief requested is "integrally involved in the bankruptcy court's authority to enforce its own orders." *Thigpen v. Matrix Fin. Servs. Corp. (In re Thigpen)*, No. 04-01035, 2004 Bankr. LEXIS 1136, at *8 (Bankr. S.D. Ala. Aug. 2, 2004) (citing *Dunmore v. United States*, 358 F.3d 1107, 114-15 (9th Cir. 2004)).

**Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate if the Court determines that the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). In considering a motion for summary judgment, the Court must construe all facts and draw all

reasonable inferences in the light most favorable to the non-moving party. *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.,* 240 F.3d 982, 991 (11th Cir. 2001).

The moving party has the burden of establishing that there is an absence of any genuine issue of material fact. *Celotex,* 477 U.S. at 323. "[O]nce the moving party has met that burden by presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, Federal Rule of Civil Procedure 56(e) shifts to the non-moving party the burden of presenting specific facts showing that such contradiction is possible." *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990) (citation omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* (*citing Anderson*, 477 U.S. at 252).

**Findings of Fact**

The facts relevant to the Court's decision are not in dispute.

ICS is a collection agent.  On or about February 22, 2008, ICS was retained by Suburban Water Conditioning to collect a debt owed by William.  Some time during 2008, ICS closed its internal account with regard to William's debt to Suburban Water Conditioning.  ICS retains its computer records with regard to the collection matter against William.  ICS submitted copies of certain of these records with its Response.

On August 13, 2009, the Debtors filed a joint chapter 7 petition with this Court.  The Court issued its standard *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* (the "Notice of Filing").  On August 16, 2009, the Bankruptcy Noticing Center served the Notice of Filing on all creditors [DE 11].  ICS concedes that it received a copy of the Notice of Filing some time after August 16, 2009, when it was mailed, and before September 2, 2009. The Notice of Filing shows the full names of William and Kimberley, the last four digits of their

4

social security numbers, and their home address.  The Notice of Filing specifically advises

creditors of the imposition of the automatic stay and states:  "If you attempt to collect a debt or

take other action in violation of the Bankruptcy Code, you may be penalized."

Several weeks after the Debtors filed this case, on or about September 2, 2009, ICS was

retained by Michael J. Axelrod, D.D.S. and Michael S. Silver, D.D.S., P.A. ("Axelrod and

Silver") to collect a prepetition debt owed by Kimberley.  ICS began collection activities with

regard to Kimberley on September 3, 2009.  Between September 3, 2009 and September 29,

2009, ICS contacted Kimberley twice in writing and at least seven times by telephone, in each

case attempting to collect the debt claimed by Axelrod and Silver.[3]

**Conclusions of Law and Analysis**

A petition filed under the Bankruptcy Code operates as an automatic stay of "any act to

collect, assess, or recover a claim against the debtor that arose before the commencement of the

case under [the Bankruptcy Code]."  11 U.S.C. § 362(a)(6).  The automatic stay is designed to

give the debtor "a breathing spell from his creditors."  *Ellison v. Northwest Engineering Co.*, 707

F.2d 1310, 1311 (11th Cir. 1983) (quoting H.R. Rep. No. 95-595, at 340 (1977), *reprinted in*

1978 U.S.C.C.A.N. 5963, 6296-97).  It is "an important aspect of bankruptcy protection, and is

an element of the debtor's fresh start.  For the consumer, the stay ceases all harassment by bill

collectors . . . ."  H.R. Rep. No. 95-595, at 174 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963,

6135.

Bankruptcy Code section 362(k) provides that "an individual injured by any willful

violation of a stay provided by this section shall recover actual damages, including costs and

attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. §

---

[3] The Court referred to the exhibits to the Response to determine the number and mode of communications by ICS
to Kimberley during the stated period.  The Debtors allege a similar number of collection attempts by ICS.

5

362(k). A violation of the automatic stay is "willful if the violator (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless whether the violator specifically intended to violate the stay." *Jove Eng'g, Inc. v. IRS,* 92 F.3d 1539, 1555 (11th Cir. 1996) (citing cases in other circuits). The requirement that the violator knew of the automatic stay does not mean that the violator need be aware of the provisions of section 362. It is sufficient that the violator had actual knowledge of the bankruptcy case, *Randolph v. IMBS, Inc*., 368 F.3d 726,728 (7th Cir. 2004), or "notice of sufficient facts to cause a reasonably prudent person to make additional inquiry to determine whether a bankruptcy petition has been filed." *Sansone v. Walsworth (In re Sansone)*, 99 B.R. 981, 984 (Bankr. C.D. Cal. 1989) (citation omitted).

To recover damages under section 362(k) a debtor must show that (1) the debtor is an individual, (2) the respondent knew or should have known of the debtor's bankruptcy case, (3) the respondent acted intentionally, and (4) the respondent's act is prohibited by section 362(a). Kimberley is an individual. The Notice of Filing provided unequivocal notice of Kimberley's bankruptcy filing. Although not necessary under prevailing law, the Notice of Filing included specific warnings regarding the imposition of the automatic stay. ICS received the Notice of Filing prior to undertaking collection activity against Kimberley with regard to a pre-petition debt. There is no question that ICS intended to make the calls and send the letters at issue here. At the hearing on the Motion, ICS appropriately conceded that ICS's post-petition telephone calls and letters to Kimberley are the types of acts stayed under section 362(a). *See, e.g., In re White*, 410 B.R. 322, 326 (Bankr. M.D. Fla. 2009); *Wingard v. Altoona Reg'l Health Sys. (In re Wingard)*, 382 B.R. 892, 901 (Bankr.W.D. Pa. 2008). In light of these undisputed facts, Kimberley is entitled to relief under 11 U.S.C. § 362(k).

The Court acknowledges the unique circumstances of this case.  The Notice of Filing provided notice of a joint chapter 7 case filed by both William and Kimberley.  At the time ICS received the Notice of Filing it had no account for Kimberley.  ICS had no immediate business reason to maintain a record of Kimberley's bankruptcy filing.  It noted the bankruptcy filing only in William's account.  No more than 17 days later, ICS undertook to collect a debt from Kimberley.  ICS opened a new account for Kimberley in its computer system.  This new account contained no reference to the previously received Notice of Filing.

At the hearing on the Motion ICS argued that, in spite of the delivery of the Notice of Filing to ICS, in order to take advantage of the relief accorded under section 362(k) Kimberley should have independently contacted ICS to inform ICS of her bankruptcy filing.  ICS argues that it would be unduly burdensome to require ICS to maintain records of bankruptcy filings for persons other than those subject to accounts in existence at the time ICS receives notices of bankruptcy cases.  The Court disagrees.

As the title to section 362 states, the stay arises automatically upon the filing of a petition. A debtor need do nothing else to effect the stay.  The automatic stay is a central component of the relief accorded to debtors under the Bankruptcy Code.  The post-petition collection activity at issue in this case is at the core of actions stayed under section 362(a).

One who obtains actual knowledge of a bankruptcy case cannot simply forget this fact and later claim its violation of the stay was therefore not willful.  *Associated Credit Servs. v Campion (In re Campion)*, 294 B.R. 313, 314 (B.A.P. 9th Cir. 2003); *In re Risner*, 317 B.R. 830, 836 (Bankr. D. Idaho 2004) (quoting *Campion*, 294 B.R. at 317).  "Once a creditor knows that the automatic stay exists, the creditor bears the risk of all intentional acts that violate the automatic stay regardless of whether the creditor means to violate the automatic stay."  *In re*

*Campion*, 294 B.R. at 317.  Creditors such as ICS have a duty to establish procedures to avoid

violating bankruptcy law.  *In re Jones*, 389 B.R. 146, 162 (Bankr. D. Mont. 2008);  *In re*

*Wingard*, 382 B.R. at 902 (quoting *McCormack v. Federal Home Loan Mortg. Corp. (In re*

*McCormack)*, 203 B.R. 521, 525 (Bankr. D.N.H. 1996)) ("creditors have a clear obligation to

adjust their programming and procedures and their instructions to employees to handle complex

matters correctly" ).  Creditors cannot avoid liability for a willful violation of the stay because

they failed to properly keep records of bankruptcy notices.  To put the onus on Kimberley to

ensure that ICS knew of her bankruptcy filing, even after ICS received the Notice of Filing,

would turn the automatic stay on its head.

The Court does not believe the burden on ICS will be significant.  It is unlikely that ICS

receives random notices of bankruptcy filings unrelated to its business activity.  The bankruptcy

courts send notices of new bankruptcy cases only to those parties identified in the lists of

creditors filed under 11 U.S.C. § 521 and Bankruptcy Rule 1007.  ICS receives a bankruptcy

notice only when a party obligated to file such a list has determined that ICS may have a claim in

the subject case.  If the case involves a single debtor, ICS most likely will already have an

account for such debtor and can note the bankruptcy in that account record.  If the case involves

joint individual debtors, and ICS has an account reflecting only one of the joint debtors, ICS will

need to maintain an independent record of the bankruptcy filing by the person who does not

already appear in ICS's account records.  This would necessitate a new account record only in

those instances where the existing ICS account does not already reflect both joint debtors.  ICS

maintains computer records for its accounts.  It is hard to imagine that establishing new computer

records in these limited circumstances poses a material burden.  In any case, the burden to avoid

violating the automatic stay lies with ICS.  ICS should not be excused from an obvious willful

violation of the automatic stay simply because it refuses to keep adequate records of notices it receives.

**Order**

For the foregoing reasons, the Court hereby ORDERS and ADJUDGES that

1.  The Motion is GRANTED IN PART to the extent provided herein.

2.  I.C. System, Inc. willfully violated the automatic stay imposed under 11 U.S.C § 362(a) and Kimberley A. Govero is entitled to recover actual damages, including costs and attorneys' fees, and/or punitive damages, pursuant to 11 U.S.C. § 362(k), subject to further findings of this Court.

3.  The Court will hold an evidentiary hearing March 23, 2010 at 9:30 a.m. to determine the amount of damages to be awarded.

###

Copies to:

Christian A. McCue, Esq.

*Christian A. McCue, Esq. is directed to serve a copy of this order on all parties in interest and to file a certificate of service attesting to such service.*